UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD J. RODGERS, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:08CV00950 AGF |
| | ) | |
| DON ROPER, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the petition of Reginald Rodgers for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent argues that the petition should be dismissed as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A). The Court agrees.

## Background

On April 23, 2003, Petitioner was indicted in Missouri state court on two counts of assault and two related counts of armed criminal action. Petitioner was in federal custody on weapons charges at that time. The state charges arose out of an incident on September 2, 2002, in which Petitioner shot into an automobile causing injury to two people who were in the vehicle. Petitioner pleaded guilty to the state charges on March 5, 2004, and on April 30, 2004, the court sentenced him as a prior offender to four concurrent

sentences, with the highest sentence being 20 years' imprisonment. Petitioner did not file a direct appeal.

On May 24, 2004, Petitioner filed a motion for post-conviction relief under Missouri Supreme Court Rule 24.035, which provides a civil post-conviction remedy to a "person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States." This motion was dismissed without prejudice on August 16, 2004, presumably because Petitioner had not yet been delivered physically into the custody of the Missouri Department of Corrections. *See Thomas v. Missouri*, 808 S.W.2d 364, 365 (Mo. 1991) ("Although a concept of constructive custody can be found in the case law in other contexts, the language of Rule 24.035 is plain and not couched in terms of constructive custody. We, therefore, hold that the time limitations imposed in Rule 24.035 begin to run when a person under sentence is delivered, physically, into the custody of the Department of Corrections.")

On April 19, 2006, Petitioner was taken into Missouri custody,[1] and on June 8, 2006, he filed a new motion for postconviction relief under Rule 24.035. The trial court denied the motion on the merits on October 31, 2006, without an evidentiary hearing. The Missouri Court of Appeals affirmed this decision on September 12, 2007, and issued

---

[1] The record before the Court does not indicate whether or not a state detainer had been filed.

its mandate on October 9, 2007.  Petitioner filed his federal habeas petition on June 30, 2008.  He claims, as he had in his state postconviction motion, that his plea counsel was ineffective in several ways, including by failing to tell Petitioner that a plea offer of 12 years' imprisonment that the State had made in November 2003, approximately three weeks after defense counsel had entered an appearance, was only open for 24 hours. Petitioner asserts that rather, defense counsel advised him to wait until counsel had a chance to go over the "discovery package."  Petitioner asserts that after he saw the "discovery package" and decided to accept the 12-year offer, the State told him it was no longer available because it was not accepted within the 24-hour time frame, and that the State was now offering 20 years in exchange for a guilty plea.  This was the offer Petitioner accepted.

## Discussion

AEDPA provides for a one-year statute of limitations for the filing of a federal habeas petition by a state prisoner, with the limitations period beginning on the latest of four dates, including the date relevant here: the date on which the state conviction which the petitioner challenges "became final by the conclusion of direct review or the

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] Section 2244(d) includes its own tolling provision, as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id. § 2244(d)(2).

In Missouri, a judgment in a criminal case becomes final when sentence is entered. *State v. Arnold*, 230 S.W.3d 353, 354 (Mo. Ct. App. 2007). A party has ten days after the final judgment to file an appeal. *Id.*; Mo. Sup. Ct. R. 30.01(d). Here, because Petitioner did not file a direct appeal, the one-year period for filing a federal habeas petition began to run on May 10, 2004, which was ten days after sentence was entered.[3] *See Shaw v. Roper*, No. 4:06-CV-936 CAS, 2009 WL 2600752, at *3 (E.D. Mo. Aug. 21, 2009);

---

[2] The other three dates, none of which apply here, are:

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[3] See Missouri Supreme Court Rule 44.01(a) on time computation.

*Tyler v. Luebbers*, No. 4:06CV527 DJS, 2008 WL 5396888, at *2 (E.D. Mo. Dec. 23, 2008).

The fact that Petitioner could not file a motion for state post-conviction relief until after the one year for filing a federal habeas action expired does not change the fact that the one year did expire well before the federal habeas action was commenced.[4] Even if Petitioner's May 24, 2004 filing of the first state post-conviction motion tolled the one year, it did so for only approximately two and one-half months, until August 16, 2004, when that filing was dismissed. The filing of the June 8, 2006 post-conviction motion could not toll the one year because the year had already run. *See, e.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003); *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (holding that when petitioner filed his state-court application for post-conviction relief, there was no federal limitations period remaining to toll, and thus his federal petition was properly dismissed as time-barred).

Nothing prevented Petitioner from filing a federal habeas action on time. He was "in custody" pursuant to the judgment of the Missouri court for purposes of § 2254 during the one year following the date those convictions became final and during this time could have challenged his future confinement for the Missouri convictions. *See*

---

[4] The Court notes that states have no Constitutional obligation to provide avenues for collateral attacks on convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987); *Battle v. Dormire*, No. 4:03-CV-1662 (CEJ), 2007 WL 803624 at *2 n.3 (E.D. Mo. Mar. 13, 2007).

*Maleng v. Cook*, 490 U.S. 488, 493 (1989) (holding that habeas petitioner was "in custody" and therefore could challenge sentences imposed upon him by State of Washington, even though he was not presently serving them because he was incarcerated in federal prison on federal charges, where State of Washington had placed detainer with federal authorities to ensure that at conclusion of petitioner's federal sentence, he would be returned to state authorities to begin serving his state sentences) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 & n.4 (1973)); *Frazier v. Wilkinson,* 842 F.2d 42, 45 (2nd Cir. 1988) (explaining why the same applies even where a detainer supporting the second sentence was not filed, "as long as there is a reasonable basis to apprehend that the jurisdiction that obtained the consecutive sentence will seek its enforcement"; citing *Peyton v. Rowe*, 391 U.S. 54, 67 (1968), for the rule that habeas is proper way to attack a consecutive sentence to be served in the future); *Sargent v. Duckworth*, No. 97-6170, 1998 WL 898876, at *2 (6th Cir. Dec. 17, 1998) (same); *see also Willard v. Pearson*, 823 F.2d 1141, 1145-46 (7th Cir. 1987) (same, without mention of whether a detainer had been filed); *Shayesteh v. City of S. Salt Lake*, 217 F.3d 1281, 1282 & n.1 (10th Cir. 2000) (same). The Rules Governing § 2254 Cases further support this result. Rule 1(a)(2) states, "These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254 by . . . a person in custody under a state-court or federal-court judgment who seeks a determination that future custody under a state-court judgment would violate the Constitution, laws, or treaties of the United States." And Rule 2(b) provides, "If the petitioner is not yet in custody-but

may be subject to future custody-under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered."

In sum, the Court concludes that Petitioner here was "in custody" under the state conviction being challenged, from the time that that conviction became final, and that his present action is untimely.

This case does not present the situation presented in *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009), in which the state court reopened <u>direct review</u> of a criminal defendant's conviction by granting him the right to file an out-of-time direct appeal during state collateral review. The Supreme Court held that under those circumstances, the judgment was not "final by the conclusion of direct review or the expiration of the time for seeking such review," under § 2244(d)(1)(A), until the out-of-time direct appeal process was concluded. <u>Id.</u> at 686 & n.4. The Supreme Court specifically relied upon the fact that under prevailing state law "the order granting an out-of-time appeal restored the pendency of the direct appeal." <u>Id.</u> at 686 (quoted case omitted).

In *Holland v. Florida*, 130 S. Ct. 2549 (2010), the Supreme Court held that equitable tolling of the AEDPA statute of limitations is available to a petitioner who shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In determining whether equitable tolling is warranted in a particular case, courts should "exercise judgment in

light of prior precedent, but with awareness of the fact that specific circumstances . . . could warrant special treatment in an appropriate case." Id at 2563.

Here, Petitioner has not asked for equitable tolling, nor does the Court discern a basis for application of the doctrine. *See, e.g., Rues v. Denney,* 643 F.3d 618, 622 (8th Cir. 2011) (holding that counsel's miscalculation of habeas filing deadline is a "garden variety claim" of neglect and does not warrant equitable tolling); *Heath v. Ault*, 334 F. App'x 34, 34 (8th Cir. 2009) (rejecting pro se petitioner's argument that he was entitled to equitable tolling because he was unaware of the applicable deadlines); *cf. Shelton v. Purkett*, 563 F.3d 404, 407 (8th Cir. 2009) (holding that a change in an applicable circuit precedent would constitute an "extraordinary circumstance" that would serve to equitably toll AEDPA's statute of limitations, if a petitioner had otherwise been diligently pursuing his rights).

## Conclusion

Petitioner's federal habeas petition is time-barred. The Court does not believe that reasonable jurists might find the Court's assessment of the procedural issue in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2253(c)(2). *See Jimenez*, 129 S. Ct. at 684 n. 3 (setting forth the standard for issuing a certificate of appealability when a district court denies a habeas petition on procedural grounds) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).[5]

---

[5] The Court recognizes that the statute of limitations defense is not a jurisdictional bar to review of a federal habeas petitioner's claims, and that judicial economy sometimes

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for an evidentiary hearing [#13] is **DENIED as moot**.

  _____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 25th day of August, 2011.

---

dictates reaching the merits of the claims if the merits are easily resolved against the petitioner. *See, e.g., Trussell v. Bowersox*, 447 F.3d 588, 590 (8th Cir. 2006). Here, however, the Court does not believe that the merits of Petitioner's claim based upon his counsel's failure to advise him that the 12-year offer was limited to the day of the offer meets that standard.