# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD J. ROGERS, SR., | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 4:08CV00950 AGF |
| DON ROPER, | ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The motion will be denied.

On August 25, 2011, the Court dismissed Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, finding that it was time-barred. In his motion to alter or amend judgment, Petitioner argues that his petition should not have been dismissed as time-barred because he is entitled to equitable tolling.

"[A] Rule 59(e) motion 'does not allow arguments or evidence to be presented after judgment when the argument or evidence could have been presented earlier.'" Anjulo-Lopez v. United States, 541 F.3d 814, 818 n. 3 (8th Cir. 2008) (quoting McAllister v. Transamerica Occidental Life Ins. Co., 325 F.3d 997, 1003 n. 4 (8th Cir.2003)). In its answer, Respondent argued that the petition was time-barred because it was filed after the one-year limitations expired. Petitioner did not raise an equitable tolling argument in his reply brief.

Furthermore, the Court considered on its own whether equitable tolling would be warranted in this case, and concluded that under the Eighth Circuit's standards for equitable tolling in habeas cases, it would not be. Nothing in Petitioner's present motion causes the Court to reconsider that conclusion.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to alter or amend judgment pursuant to Rule 59(e) [Doc. 26] is **DENIED**.

Dated this 5th day of October, 2011.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE